IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ANNIE Y. CRENSHAW, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:20-cv-00347-O-BP |
| § | |
| ANDREW M. SAUL, § | |
| Commissioner of Social Security, § | |
| § | |
| Defendant. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

In this social security appeal, Plaintiff, Annie Y. Crenshaw, proceeds *pro se*. She moved for leaved to proceed *in forma pauperis* while the case was pending in the Dallas Division. ECF No. 4. At that time, the case was referred to United States Magistrate Judge Irma Carrillo Ramirez pursuant to Special Order No. 3. ECF No. 1. Judge Ramirez entered a Notice of Deficiency and Order on April 15, 2020 directing Plaintiff to "submit a properly signed motion or application to proceed *in forma pauperis* within fourteen (14) days of the date of [the] order." ECF No. 6. The order further provided that "[f]ailure to comply with this order may result in the dismissal of your suit under Federal Rule of Civil Procedure 41(b)." *Id.* Plaintiff did not file a properly signed motion or application as ordered.

Also on April 15, 2020, Judge Ramirez transferred the case to the Fort Worth Division. The case was renumbered, and motions were referred to the undersigned. ECF Nos. 7 and 8. On May 4, 2020, the undersigned ordered Plaintiff to either pay the filing fee required for civil actions or file a signed motion or application to proceed *in forma pauperis* on or before May 18, 2020. ECF No. 10. The undersigned again warned Plaintiff that failure to comply with the order may

result in dismissal of the case under Federal Rule of Civil Procedure 41(b). Plaintiff did not comply with the Court's Order.

In light of the Court's extensions of time for Plaintiff to pay the filing fee required for civil actions or file a signed motion or application to proceed *in forma pauperis*, Plaintiff's failure to pay the fee or file a signed motion or application, the Court's twice warning Plaintiff that failure to pay the filing fee or file a signed motion or application to proceed *in forma pauperis* or to comply with court orders may result in dismissal, and the record as a whole, Plaintiff's complaint should be dismissed.

**Plaintiff is warned that even though the recommended dismissal is without prejudice, any future re-filing of the case may be subject to a limitations defense due to the timetable for filing appeals of the final decision of the Commissioner of Social Security.** *See Montelongo v. Social Security Administration*, No. 3:15-cv-2419-M-BN, 2015 WL 6736794 (N.D. Tex. Oct. 7, 2015).

Accordingly, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **dismiss** Plaintiff's complaint **without prejudice** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or to comply with court orders. If, however, within fourteen days of the date of this recommendation, Plaintiff pays the filing fee for civil cases or files a signed motion or application to proceed *in forma pauperis*, Judge O'Connor should refer the case back to the undersigned for further consideration.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an

objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed **June 12, 2020**.

*[signature: Hal R. Ray, Jr.]*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE